United States Court of Appeals

For the Eighth Circuit

_____

No. 13-1176
_____

United States of America

*Plaintiff - Appellee*

v.

Dennys Rodriguez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 21, 2013
Filed: January 31, 2014

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Dennys Rodriguez entered a conditional guilty plea to one count of possessing with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and

841(b)(1). Rodriguez appeals from the district court's[1] order denying his motion to suppress evidence. We affirm.

On March 27, 2012, just after midnight, police officer Morgan Struble observed a vehicle veer slowly onto the shoulder of the highway, before it jerked back onto the road. Struble initiated a traffic stop of the vehicle at 12:06 a.m. Struble is a K-9 officer, and his dog Floyd was with him that night.

Struble approached the vehicle on the passenger's side. The driver identified himself as Rodriguez. When asked why he drove onto the shoulder, Rodriguez replied that he had swerved to avoid a pothole. The passenger, who would not make eye contact with Struble, identified himself as Scott Pollman. Struble gathered Rodriguez's license, registration, and proof of insurance and asked Rodriguez to accompany him to the patrol car. Rodriguez asked if he was required to do so, and Struble said that he was not. Rodriguez then decided to wait in his own vehicle.

Struble went to his patrol car to complete a records check on Rodriguez. When he returned to Rodriguez's vehicle, Struble asked Pollman for his identification and inquired where Pollman and Rodriguez had been. Pollman explained that they had traveled to Omaha, Nebraska, to look at a Ford Mustang that was for sale and that they were returning to Norfolk, Nebraska. When Struble went to his patrol car for a second time, he completed a records check on Pollman and called for a second officer. Struble issued a written warning to Rodriguez at 12:27 or 12:28 a.m.

Struble then asked for permission to walk his dog around Rodriguez's vehicle. When Rodriguez refused consent, Struble instructed him to exit the vehicle. Rodriguez then exited the vehicle and stood in front of the patrol car while they waited

---

[1] The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, adopting the Findings and Recommendation of the Honorable F.A. Gossett, III, United States Magistrate Judge for the District of Nebraska.

for a second officer to arrive. At 12:33 a.m., a deputy sheriff arrived, and a minute later, Struble walked the dog around the outside of Rodriguez's car. The dog alerted to the presence of drugs halfway through the second pass, approximately twenty or thirty seconds later. All told, seven or eight minutes had passed from the time Struble had issued the written warning until the dog indicated the presence of drugs. A search of the vehicle revealed a large bag of methamphetamine.

As set forth above, Rodriguez was charged with possessing with intent to distribute methamphetamine. The district court denied Rodriguez's motion to suppress the evidence, holding that the delay caused by the dog sniff did not violate Rodriguez's Fourth Amendment right to be free from unreasonable seizures. On appeal, Rodriguez argues that his motion should have been granted because the stop was unreasonably prolonged by the dog sniff in the absence of reasonable suspicion to continue his detention. Rodriguez does not challenge the validity of the initial stop.

"[A] dog sniff conducted during a traffic stop that is 'lawful at its inception and otherwise executed in a reasonable manner' does not infringe upon a constitutionally protected interest in privacy." United States v. Martin, 411 F.3d 998, 1002 (8th Cir. 2005) (quoting Illinois v. Caballes, 543 U.S. 405, 408 (2005)). We have held that once an "officer decides to let a routine traffic offender depart with a ticket, a warning, or an all clear[,] . . . the Fourth Amendment applies to limit any subsequent detention or search." United States v. $404,905.00 in U.S. Currency, 182 F.3d 643, 648 (8th Cir. 1999). Accordingly, a dog sniff may be the product of an unconstitutional seizure, "if the traffic stop is unreasonably prolonged before the dog is employed." Martin, 411 F.3d at 1002 (citing Caballes, 543 U.S. at 407). A brief delay to employ a dog does not unreasonably prolong the stop, however, and we have repeatedly upheld dog sniffs that were conducted minutes after the traffic stop concluded. See, e.g., United States v. Alexander, 448 F.3d 1014, 1017 (8th Cir. 2006) (four-minute delay upheld as a *de minimis* intrusion on personal liberty); Martin, 411 F.3d at 1002 (two-minute delay

-3-

upheld); United States v. Morgan, 270 F.3d 625, 632 (8th Cir. 2001) (delay of "well under ten minutes" upheld); $404,905.00 in U.S. Currency, 182 F.3d at 649 (two-minute delay upheld).

      Although the dog was located in the patrol car, Struble waited to employ it until a second officer arrived, explaining that he did so for his safety because there were two persons in Rodriguez's vehicle. The resulting seven- or eight-minute delay is similar to the delay that we have found to be reasonable in other circumstances. See Morgan, 270 F.3d at 632 ("We do not believe that the few minutes difference between the time in this case and $404,905 has constitutional significance."). We thus conclude that it constituted a *de minimis* intrusion on Rodriguez's personal liberty.

      In light of our conclusion that the traffic stop was not unreasonably prolonged, we need not decide whether Struble had reasonable suspicion to continue Rodriguez's detention. The order denying the motion to suppress is affirmed.

_____